## WILSON LINE, Inc., v. NATIONAL LABOR RELATIONS BOARD.

No. 7486.

Circuit Court of Appeals, Third Circuit.

July 16, 1940.

## UNITED STATES v. VAN RIPER.

No. 304.

Circuit Court of Appeals, Second Circuit.

July 25, 1940.

930

John S. Wise, Jr., of New York City (Horace G. Marks, of New York City, on the brief), for appellant.

John T. Cahill, U. S. Atty., of New York City (Richard Delafield, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before SWAN, CHASE, and PATTERSON, Circuit Judges.

CHASE, Circuit Judge.

On June 16, 1932, the appellant pleaded guilty to an indictment in seventeen counts in the District Court for the Southern District of New York. In the first eight counts violations of 8 U.S.C.A. § 414 relating to naturalization proceedings were charged; the next eight counts charged subornation of perjury in violation of 18 U.S.C.A. § 232; and the seventeenth count charged a conspiracy to violate 8 U.S.C.A. § 414. He was sentenced to serve concurrently a term of three years on each of the first eight counts; and to a term of two years on the seventeenth count also to run concurrently; and on counts nine to sixteen, inclusive, he was sentenced to a term of five years on each count to run concurrently and to commence at the expiration of the sentence on the other counts. Execution of the sentence on counts nine to sixteen, inclusive, was suspended and he was placed on probation for five years. He was committed on that part of the sentence not suspended and was later released on parole and entered upon his probation.

On January 16, 1935, appellant moved to set aside his conviction and to quash the indictment on the ground that it was insufficient to charge a crime. This was denied. On June 21, 1937, he moved for leave to withdraw his plea of guilty; to be permitted to plead not guilty and for a trial. This motion was denied and he appealed. The order denying the motion was affirmed without opinion by this court. United States v. Van Riper, 2 Cir., 92 F.2d 1020.

On May 13, 1938, the probation of the appellant was revoked by order of the District Court but that order was reversed on appeal, United States v. Van Riper, 2 Cir., 99 F.2d 816, and following that reversal the appellant on April 1, 1939, was discharged from any and all further supervision by the probation officer of the court.

On May 8, 1939, appellant was arraigned on a warrant charging violations of the terms of his probation and paroled in the custody of his attorney. He denied the violations charged and, after vainly moving to vacate the order of arrest, was given a hearing on the merits. The court found that the appellant had violated his probation; resentenced him on count nine to a term of eighteen months and on counts ten to sixteen, inclusive, to a term of five years on each count to begin at the expiration of service of the sentence on count nine and to run concurrently. Execution of the five year sentence on such counts was suspended and the appellant placed on probation for five years. From this judgment, the appellant has taken this appeal.

██ It is argued that the original indictment charged no crime and that all proceedings thereunder have been invalid. If that point can be now considered open after the affirmance of the order in United States v. Van Riper, 2 Cir., 92 F.2d 1020, it is enough to say that the substance of the appellant's contention is that he was charged with willfully aiding, advising and encouraging persons not entitled to be naturalized to file preliminary papers declaring an intent to become a citizen of the United States, and that such conduct in respect to a declaration of intention to become a citizen does not violate Sec. 414 of Title 8 U.S.C.A. The contrary, however, was decided in Latgis v. United States, 4 Cir., 97 F.2d 588, and we are in accord.

██ It was amply shown as the court found, that the appellant had violated the terms of his probation and no purpose will be served by discussing that. He was not arrested, however, during the original probationary period but was arrested and given his hearing within the period for which he might have originally been sentenced. It has been argued that the court was without power to vacate the suspension of execution of the original sentence after the period of probation had expired and to resentence but that contention is unsound for the reasons stated in United States v. Moore, 2 Cir., 101 F.2d 56.

Nor is there any merit in the claim that the hearing given the appellant was unfair. The procedure followed was in accord with the applicable law as shown by Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266, and Escoe v. Zerbst,

295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566, and that the result was just can hardly be doubted.

Affirmed.