**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert A. SWANSON, Defendant-Appellant.**

**No. 71–1115.**

United States Court of Appeals, Seventh Circuit.

Jan. 5, 1972.

---

Gerald M. Werksman, Sheldon Golding, Chicago, Ill., for defendant-appellant.

James R. Thompson, U. S. Atty., Donald C. Shine, Asst. U. S. Atty., William J. Bauer, U. S. Atty., Chicago, Ill., for plaintiff-appellee. John Peter Lulinski, Jeffrey Cole, Asst. U. S. Attys., of counsel.

Before CASTLE, Senior Circuit Judge, and KILEY and SPRECHER, Circuit Judges.

CASTLE, Senior Circuit Judge.

The defendant-appellant Robert A. Swanson, was convicted upon his plea of guilty[1] to a three-count indictment charging him with transporting forged securities in interstate commerce in violation of 18 U.S.C.A. § 2314. On February 8, 1968, the District Court entered judgment sentencing the defendant to three years imprisonment on each count, the sentences to run concurrently. The judgment order suspended execution of the sentences and placed the defendant on probation for a period of three years. It further ordered that during such period the defendant "shall conduct himself as a law-abiding, industrious citizen".

The defendant prosecutes this appeal from a November 10, 1970, order of the District Court revoking his probation and committing him to custody under the sentences originally imposed. This revocation order was entered after a hearing was held pursuant to a rule on the defendant to show cause why probation should not be revoked. Defendant had been arrested on a bench warrant, and he was present with counsel who participated in the hearing. Defendant's probation was revoked because of his conviction and sentence to the Illinois penitentiary in September 1970 for a burglary committed following his release on probation. He had been arrested on June 10, 1968, on the state burglary charge and indicted therefor in January 1969 but did not report these facts to the Probation Office on subsequent reporting dates.

The defendant contended on brief that the District Court was without jurisdiction or authority to enter the

---

1. The plea was entered November 17, 1967, under Rule 20 of the Federal Rules of Criminal Procedure.

November 10, 1970, order which revoked his probation and committed him under the sentences originally imposed. In this connection the defendant pointed out that the record discloses that on February 11, 1970, the government, acting on a report from the Probation Office that defendant had complied with all of the conditions of probation satisfactorily and "is no longer in need of probation supervision", moved to "terminate" defendant's probation, and the court entered an order that the defendant "be discharged from probation". The defendant urged that, therefore, the court had no jurisdiction over him after February 11, 1970. However, on oral argument before this Court the defendant's counsel conceded that under the controlling statutory provisions (18 U.S.C.A. §§ 3651 and 3653) the District Court's jurisdiction over the defendant had not terminated prior to the entry of the revocation order. That concession was correctly made. It is in keeping with the rationale and holdings of the cases cited and relied upon by the government[2] to the effect that a district court's jurisdiction over a person admitted to probation continues throughout the maximum probation period authorized by the statute (now 5 years under § 3651) even though the court fixed the period of supervised probation at a lesser time. In this respect, although § 3651 provides that a defendant's liability for punishment imposed as to which probation is granted "shall be fully discharged by the fulfillment of the terms and conditions of probation", § 3653 explicitly provides that:

"   .   .   .   At any time within the probation period, or within the maximum probation period permitted by section 3651 of this title, the court for the district in which the probationer is being supervised or if he is no longer under supervision, the court for the district in which he was last under supervision, may issue a warrant for his arrest for violation of probation occurring during the probation period. .   .   .   As speedily as possible after arrest the probationer shall be taken before the court for the district having jurisdiction over him. Thereupon the court may revoke the probation and require him to serve the sentence imposed,   .   .   .   "

Here, after the defendant was arrested for violation of his probation he was afforded a hearing, with counsel, in the District Court in conformity with Hahn v. Burke, 7 Cir., 430 F.2d 100. He does not contest that the showing made with respect to his conviction for a state felony committed during the period of his probation did establish a violation of the terms and conditions of probation.

The remaining contention of the defendant is premised on the fact that the record discloses that on March 12, 1970, the District Court on an ex parte motion of the government, and without notice to the defendant, ordered defendant's probation "reinstated" because of his failure to report his arrest and subsequent indictment on the state burglary charge.[3] In this connection the

---

2. Those cases include Frad v. Kelly, 302 U.S. 312, 58 S.Ct. 188, 82 L.Ed. 282; Williams v. Hunter, 10 Cir., 165 F.2d 924; Whitehead v. United States, 6 Cir., 155 F.2d 460; United States v. Van Riper, 2 Cir., 113 F.2d 929; and United States v. Moore, 2 Cir., 101 F.2d 56. Insofar as here pertinent the only difference in the statute at the time of these decisions was that the maximum probation period was measured by the maximum period for which the defendant might originally have been sentenced, rather than the 5 year period now prescribed in § 3651.

3. In the interim between the February 11 order discharging the defendant from supervised probation and March 12, 1970, the government had learned from other sources of the defendant's 1969 arrest and indictment for burglary. It was thus apprised of the Probation Office's mistake in having earlier reported favorably on defendant's compliance with the conditions of probation—which mistake had been occasioned by the defendant's failure to disclose his arrest and indictment in the reports he was required to make.

defendant argues that the trial court made a fundamental constitutional error by reinstating defendant's probationary status without notice to the defendant and without affording him an opportunity to be heard thereon. But this argument is based on a misconception. It would have merit if such a "reinstatement" had been necessary as a condition prerequisite to the court's revocation of probation. Such a reinstatement, however, was wholly unnecessary, and any infirmity of the March 12 order, constitutional or otherwise, due to lack of notice and hearing, supplies no basis which requires a reversal or vacation of the November 10, 1970 order revoking probation and committing defendant under the sentences originally imposed. The step taken by the government to "reinstate" defendant's probation was not essential to the court's exercise of its jurisdiction and authority under Sections 3651 and 3653 to enter the November 10 order. The only effect of the order of February 11 "discharging" the defendant from probation was to terminate his supervision by the Probation Office. In this respect § 3653 provides:

> "When directed by the court, the probation officer shall report to the court, with a statement of the conduct of the probationer while on probation. The court may thereupon discharge the probationer from further supervision and may terminate the proceedings against him, or may extend the probation, as shall seem advisable. . . ."

The February 11 order did not terminate the court's jurisdiction and authority under the remaining portion of § 3653, previously quoted herein, to act within the probation period to "revoke the probation and require [the probationer] to serve the sentence imposed".

The District Court acted timely within the period of its jurisdiction and authority over the defendant to revoke his probation on grounds which are uncontested and to require him to serve the sentences originally imposed but suspended. It is obvious that the reinstatement order was entered without procedural due process. But that order was surplusage and the defendant was in no manner prejudiced thereby.

The order appealed from is affirmed.

Affirmed.

KILEY, Circuit Judge (concurring).

I concur in the result reached by the majority. Because of the concession made by Swanson as to the revoking court's jurisdiction, I deem it unnecessary to construe 18 U.S.C. § 3653, and I expressly reserve judgment on the court's construction. I agree with the majority that in the circumstances in this record Swanson suffered no prejudice from the entry, without procedural due process, of the reinstatement order.