**UNITED STATES of America**

v.

**Philip R. MILLER.**

**No. 75 CR 420.**

United States District Court,
N. D. Illinois, E. D.

Aug. 8, 1978.

Thomas P. Sullivan, U. S. Atty., Chicago, Ill., for plaintiff.

Glenn E. Gutsche, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

FLAUM, District Judge:

This matter comes before the court upon defendant's Motion to Dismiss Government's Request for a Rule to Show Cause Why Probation Should Not Be Revoked. For the reasons set forth below, the Motion is denied.

On April 7, 1975, before the Honorable Robert A. Grant, in the United States District Court for the Northern District of Indiana, defendant pleaded guilty to making a false statement on a check in violation of 18 U.S.C. § 1014. Defendant was sentenced on May 30, 1975 to a term of two years imprisonment, the execution of which was suspended, and he was placed on probation for two years with the special condition that he make complete restitution in the amount of $24,820. In June, 1975, the case was transferred to the Northern District of Illinois, and assigned to the late Honorable William J. Lynch. After the death of Judge Lynch, the case was reassigned to this court.

On May 26, 1977, citing defendant's failure to make the restitution required by the probation order, the government filed a Motion for a Rule to Show Cause Why Probation Should Not Be Extended. A hearing was held on May 27, 1977, at which all parties were represented. However, the cause was continued until June 2, 1977 so that counsel could investigate the proper procedure to be followed in obtaining such an extension. On that date, with the express consent of defendant, both personally and through his attorney, the court extended defendant's probation for an additional two year period. No objection was made to the order granting the extension, and it was not appealed.

On April 24, 1978, the government filed a Motion for a Rule to Show Cause Why Probation Should Not Be Revoked. This Motion is grounded upon the government's claim that defendant was engaged in criminal activity in violation of the conditions of his probation between May 27, 1977 and February 27, 1978. At the beginning of May, 1978, defendant filed the motion which is presently at issue, along with a supporting Memorandum. A Response from the government and defendant's Reply thereto have also been received and considered by the court.

Defendant's argument in favor of the dismissal of the government's Motion for a Rule to Show Cause can be divided into two parts. The first goes to the validity of the order of June 2, 1977, extending defendant's term of probation. Defendant argues that the court lacked jurisdiction to enter this order on June 2, 1977, since defendant's original two year period of probation ended on May 30, 1977. In addition, defendant asserts that, as no showing was made that defendant had willfully violated his probation, the court had no lawful authority to extend the period of probation. Finally, defendant claims that the order extending the period of probation was of no legal effect, because the original sentencing court—Judge Grant, of the United States District Court for the Northern District of Indiana—did not consent to the change in the period of probation, as required by 18 U.S.C. § 3653.

Second, defendant urges that the government has not moved for revocation of his probation in a timely manner. Owing to the alleged invalidity of the order of June 2, 1977, defendant maintains that under 18 U.S.C. § 3653, this court may only revoke defendant's probation on the basis of a finding that defendant violated a condition of his probation during his original two year probationary period, and then only if formal revocation procedures had been initiated during that period. Initially, defendant asked the court to grant his Motion to Dismiss because of claimed failure on the part of the government to present before the court any information that would indicate that defendant did in fact violate any condi-

tion of his probation during that time period. But after the government stated, in its Response to Defendant's Motion to Dismiss Rule to Show Cause, that it expects to prove, at a hearing on its Motion for a Rule, that defendant was engaged in criminal and fraudulent activity in violation of the condition of his probation during the original two year period of probation, defendant appeared to shift his argument. Defendant now seems to rely on the fact that the motion to revoke probation was not filed by the government within the original two year probation period as the conclusive step in his analysis of why this court must grant his Motion to Dismiss.

■■■ However, defendant's formulation of the law governing this crucial question is meritless. Section 3653 provides, in pertinent part, that

. . . At any time within the probation period, or within the maximum probation period permitted by section 3651 of this title, the court for the district in which the probationer is being supervised or if he is no longer under supervision, the court for the district in which he was last under supervision, may issue a warrant for his arrest for violation of probation occurring during the probation period. . . . As speedily as possible after arrest the probationer shall be taken before the court for the district having jurisdiction over him. Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed.

Some circuits now interpret this section as providing that "a revocation can occur after the probationary period only if the violation is one that occurred during that period and if formal revocation procedures—usually the issuance of an arrest warrant—are initiated during that period." *United States v. Strada,* 503 F.2d 1081, 1084 (8th Cir. 1974). But this circuit continues to adhere to the traditional construction of section 3653, according to which "a district court's jurisdiction over a person admitted to probation continues throughout the maximum probation period authorized by the statute (now 5 years under section 3651) even though the court fixed the supervised probation at a lesser time." *United States v. Swanson,* 454 F.2d 1263, 1265 (7th Cir. 1972).[1] The sole effect of the expiration of a probationer's term of probation, where that term is under five years in duration, is to terminate his supervision by the Probation Office. See *id.* at 1266. In this case, as the original probation period began on May 30, 1975, the government's present motion was obviously made within the aforementioned five year maximum probation period—i. e., it is timely. Thus, should the government prove that defendant violated the conditions of his probation within the original probationary period, this court would have the jurisdiction and the power to revoke his probation, whether or not the extension of his term of probation entered on June 2, 1977, was proper.[2] Accordingly, the government must be accorded an opportunity to prove its charges against defendant, and defendant's Motion must be denied.

But even if this circuit did not adhere to the rule followed in *United States v. Swanson,* defendant's Motion would still properly be denied. Defendant's objections notwithstanding, this court ordered a legally valid extension of defendant's term of probation

1. Senior Circuit Judge Castle and Judge Sprecher subscribed to this position in *Swanson.* Judge Kiley, concurring separately, reserved judgment on the question.

2. Section 3653 literally states that a district court must obtain jurisdiction over a probationer by issuing and executing an arrest warrant when revocation of his probation is sought after the expiration of his probation period, but within the allowed five year period. While this

requirement may be strictly enforced in the event that defendant does not waive it, *cf. United States v. Moore,* 101 F.2d 56, 58 (2d Cir. 1939), by appearing before the court without objecting to its jurisdiction over his person on the ground that no warrant had been issued, defendant effectively submitted himself to the jurisdiction of this court. *Cf. United States v. Strada,* 503 F.2d at 1084.

on June 2, 1977. The government claims that defendant violated the conditions of that extended probation, and has requested its revocation within the period of its duration. When viewed from this perspective, too, this case is one in which the government is entitled to a hearing on its Motion for a Rule.

 Contrary to defendant's assertions, this court had jurisdiction to enter the order of June 2, 1977, despite the fact that defendant's original two year period of probation ended on May 30, 1977. Assuming, arguendo, that the rule of *United States v. Swanson* did not apply in this context, the fact remains that defendant, having been put on notice by the Government's Motion to Show Cause Why Probation Should Not Be Extended that an extension would be sought, appeared on May 27, 1977 and submitted himself to the jurisdiction of this court. In *United States v. Strada*, 503 F.2d 1081, 1083–84 (8th Cir. 1974), the court held that a probationer's voluntary appearance on a Motion for a Rule to Show Cause Why Probation Should Not Be Revoked will toll the probationary period for revocation purposes as effectively as his arrest for a probation violation. This court can see no reason why the principle enunciated in *Strada* should not be equally applicable in a case of probation extension. In either event, a probationer's voluntary appearance in court obviates the practical need for the issuance of an arrest warrant, and so it should toll the probationary period just as effectively as a warrant would. Therefore, the fact that the order extending defendant's term of probation was entered on June 2, 1977, is irrelevant— the pivotal date is May 27, 1977, the date of defendant's appearance on the government's Motion to Show Cause. As that date was within the original term of probation, this court did have jurisdiction to order the extension of defendant's probationary term on June 2, 1977.

 The court finds equally unpersuasive defendant's contention that its extension of his probationary term was illegal because no showing was made at that time that

defendant had willfully violated the conditions of his probation. District courts have been deemed to possess a very wide latitude in exercising their discretion to extend a probationary term. *Skipworth v. United States*, 508 F.2d 598, 602 (3rd Cir. 1975) and cases cited therein. An extension, unlike revocation, may be granted by a trial court judge even where no probation violation has occurred. *Id.* at 602; *United States v. Squillante*, 144 F.Supp. 494, 497 (S.D.N.Y. 1956). The two year extension granted in this case is deemed reasonable—hence, permissible—insofar as defendant, who had been unable to make the restitution required by the original probation order during his original two year probationary term, the government, and this court all concluded that defendant would be better able to make the necessary restitution within the extended period.

In addition, the court holds that its order extending the term of defendant's probation was not void due to the court's failure to procure the consent of Judge Grant thereto. 18 U.S.C. § 3653 provides that, upon transfer of jurisdiction over a probationer to a district court in a district other than that of the sentencing court,

> . . . the court for the district to which jurisdiction is transferred shall have all power with respect to the probationer that was previously possessed by the court for the district from which the transfer is made, *except that the period of probation shall not be changed without the consent of the sentencing court* . . . (emphasis added).

Defendant did not, however, object to or appeal the grant of the extension of the term of probation on the ground that Judge Grant's approval had not been obtained. The court concludes that defendant effectively waived his statutory right to have Judge Grant consulted about this change in the period of his probation.

There is no case law on the waivability of this statutory right. Nor does the legislative history of Section 3653 provide any insight into this problem. But the court is of the opinion that a probationer can, under

the circumstances present in this case, waive this right.

This provision serves to protect interests of both the probationer and the sentencing court. On the one hand, it shields a probationer, jurisdiction over whom has been transferred to another district, from having his probation period lengthened merely by virtue of the fact that the judge in the transferee district takes a less lenient view of the equities of his case than did the sentencing judge. On the other hand, the provision insures that the considered judgment of the sentencing court as to the proper term of a defendant's probation will not be overturned by the unilateral action of a transferee court. Thus, it protects the integrity of the sentencing court's decision.

 In this case, the reason for the extension of defendant's period of parole was defendant's failure to make restitution within the original two year term of probation. The extension was justified by events which transpired after the initial sentencing decision was made by Judge Grant. This court fails to perceive in what manner the integrity of Judge Grant's original judgment has been undercut by the extension of defendant's sentence without Judge Grant's approval. Therefore, the only protected interest which could possibly have been affected by this court's action was defendant/probationer's.

Defendant correctly points out that section 3653 does not expressly recognize probationer as having the power to waive his right to have the sentencing court consulted. Yet neither does the Constitution of the United States expressly state that a criminal defendant may waive his right to a trial by jury, which is exactly what defendant did by pleading guilty to a violation of 18 U.S.C. § 1014 before Judge Grant on April 7, 1975. No compelling reason has been suggested why defendant's right under section 3653 to have the original term of probation remain unaltered except with the consent of the sentencing judge should not be waivable, and this court can ˋnot think of one. By failing to object to the stating of the government's motion to extend his period of probation, or to this court's entry, without Judge Grant's consent, of the order extending the period, defendant waived his right to object to this court's failure to obtain that consent.

■ Finally, it should be noted that the order extending defendant's probation was a final order. Cf. United States v. Steiner, 239 F.2d 660, 661–62 (7th Cir. 1957). Defendant did not appeal from that order. Consequently, his collateral attack against it cannot now be sustained by this court. Therefore, if the government can indeed demonstrate to the satisfaction of the court defendant violated the conditions during the extension of his period of probation, this court would have the jurisdiction, power, and legal authority to grant the government's Motion for a Rule to Show Cause and revoke defendant's probation, even if this circuit did not follow the rule of United States v. Swanson, but adhered to the rule of United States v. Strada.

Accordingly, defendant's Motion to Dismiss Government's Request for a Rule to Show Cause Why Probation Should Not Be Revoked is denied.

It is so ordered.