UNITED STATES of America, Plaintiff,

v.

Richard P. FONTANA, Defendant.

Crim. No. 75–025.

United States District Court,
W. D. Pennsylvania.

March 17, 1981.

Thomas White, Asst. Federal Public Defender, for defendant.

Bruce A. Antkowiak, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

## OPINION

DUMBAULD, District Judge.

On March 18, 1977, defendant Richard P. Fontana was sentenced on a drug charge to three years imprisonment, of which 60 days was to be and was served; execution of the remainder of the term of imprisonment was suspended and defendant placed on three years' probation, which expired on March 17, 1980.

On or about January 30, 1980, (thus within the term of probation), defendant allegedly committed a State drug violation, of which he was convicted on May 16, 1980, in the Court of Common Pleas of Allegheny County.

Since the State charge was not likely to be disposed of before March 17, 1980, the date when defendant's probation was to expire, the Probation Office informed defendant that two alternatives were open: (1) to request extension of probation until March 17, 1981, and in event of acquittal of the State charge to terminate defendant's probation but in event of conviction to request issuance of a bench warrant for violation of probation; or (2) to seek forthwith a bench warrant for violation of probation. Defendant on February 26, 1980, elected to seek extension of probation.

On March 18, the petition of the Probation Officer for extension of probation was filed and granted.

On November 18, 1980, after hearing, at which defendant (then in State custody) appeared pursuant to a writ of *habeas corpus ad prosequendum*, Magistrate Mitchell determined that defendant had violated the terms of his probation by virtue of his conviction in State court. Pursuant to the reduplicative procedure prescribed in *Gagnon v. Scarpelli*, 411 U.S. 778, 781–82, 93 S.Ct. 1756, 1759, 36 L.Ed.2d 656 (1973), the Court again determined, after hearing on March 12, 1981, that defendant had so violated probation, and then imposed a sentence of three years' imprisonment, of which 60 days was to be served and the remainder suspended and defendant placed on one year's probation. By agreement of counsel and defendant, the sentencing was subject to consideration by the Court of a reserved point as to whether defendant's contention was correct that the probation revocation was invalid because the original term of probation had expired before it was extended.[1]

The Government contends that the extension of probation was valid, and that in any event it was unnecessary.

The Government relies on 18 U.S.C. § 3653, which provides *inter alia* :

At any time within the probation period, the probation officer may for cause arrest the probationer wherever found, without a warrant. *At any time* within the probation period, or *within the maximum probation period permitted by section 3651 of this title, the court* for the district in which the probationer is being supervised or if he is no longer under supervision, the court for the district in which he was last under supervision, *may issue a warrant for his arrest for violation of probation occurring during the probation period.* Such warrant may be executed in any district by the probation officer or the United States marshal of the district in which the warrant was issued or of any district in which the probationer is found . . .

*As speedily as possible after arrest the probationer shall be taken before the court* for the district having jurisdiction over him. *Thereupon the court may revoke the probation* and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed. [Italics supplied]

---

1. The Court rejected out of hand defendant's other contentions:

    (1) that the belated extension of probation was a new punishment, hence constituted double jeopardy, the Court regarding the extension as a mere continuation (valid or invalid) of an existing situation; and (2) that an unreasonable time had passed before the revocation hearings were held.

The exhortation in *Skipworth v. U. S.*, 508 F.2d 598, 602–603 (C.A. 3, 1975), to which defendant alludes, has no application to the case at bar. The *Skipworth* requirement of notice and hearing to defendant before *ex parte* extension of probation refers to extension *in invitum* sought by the government, not to extension *ex parte* sought by the defendant himself. Examples of extension sought by the government might be cases where the government thought that further supervision of defendant was needed in the best interests of society. *Ibid.*, at 602. Since probation does involve significant restrictions on liberty (*ibid.*, at 601), an extension sought by the government should be subject to notice and hearing. Besides extensions sought by the government for the purposes of continued supervision, the government may as a matter of procedural precaution seek an extension as in *Skipworth* or *U. S. v. Swanson*, 454 F.2d 1263, 1266 (C.A. 7, 1972), so that the status of probation will be in existence at the time conviction occurs as a breach of conditions warranting revocation. As *Swanson* makes clear, however, such procedural elegance is not necessary, since 18 U.S.C. 3653 permits revocation, even after termination of probation, for violations committed during the existence of probation, provided the five year limitation in 18 U.S.C. 3651 is respected.

Hence it is not necessary to decide, for purposes of the case at bar, whether probation can be revived or extended after it has expired,[2] any more than it was necessary in *Swanson* to decide whether probation could be revived or reinstated after it had been terminated by the court (improvidently, as it turned out, by reason of crimes which the defendant in *Swanson* had failed to report).

For purposes of revocation the vital factors are (1) whether the violations took place while probation was in force and (2) whether the revocation proceedings were instituted before the five-year limitation expired.

A serious question is presented as to whether the terms of 18 U.S.C. 3653 confer upon the court a substantive power to revoke probation in general[3] or merely to do so when the defendant has been arrested pursuant to a warrant as authorized in that section and "taken before the court" as speedily as possible thereafter.

Defendant Fontana was brought before this Court not in pursuance of an arrest warrant but under a writ of *habeas corpus ad prosequendum* issued on November 5, 1980, while he was in State custody in connection with State offenses.

However, common sense indicates, as said in *U. S. v. Strada*, 503 F.2d 1081, 1083 (C.A. 8, 1974), that "issuance of an arrest warrant within the five year period is not the *exclusive* means" of bringing a defendant before the court for a revocation hearing. In *Strada* the defendant's voluntary appearance and actual physical presence was held sufficient. This seems to be a sound conclusion; and appearance pursuant to a writ of *habeas corpus ad prosequendum* would seem equally efficacious.

The intention of Congress in conferring power on the court by 18 U.S.C. 3653 to "issue a warrant for his arrest for violation of probation occurring during the probation period" was surely not to prescribe a procedure like the common law *capias ad respondendum* as the basis of jurisdiction for instituting a new proceeding, but was to facilitate defendant's appearance at a revocation hearing in case he had absconded or disappeared. This interpretation is confirmed by the ensuing provision that the warrant may be executed in any district "in which the probationer is found."

---

2. Ordinarily an extension must be applied for before expiration of the original period, as in the case of an extension of the time for filing pleadings F.R.Cr.P. Rule 45(b).

3. 18 U.S.C. 3651 provides that: "The court may revoke or modify any condition of probation, or may change the period of probation." Exercise of this power however, to defendant's detriment and without his consent, might be subject to the *Skipworth* doctrine. But in fact Fontana, before revocation of his probation has had the two hearings required by *Gagnon*, at which he was represented by counsel.

Moreover the statute directs that "As speedily as possible after arrest the probationer shall be taken before the court" and that "Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed."

Thus the intent of the statute is not to require issuance of an arrest warrant in every case as a talismanic condition precedent to revocation of probation, but merely to authorize an effective (and sometimes perhaps the only effective) means available to secure defendant's appearance in court for the revocation hearing. If other less drastic methods are sufficient to serve the purpose, issuance of an arrest warrant is not indispensable in order to conduct a valid revocation hearing.

Accordingly, although the point is not free from doubt, we conclude, contrary to the contentions of defendant's astute counsel, that defendant's probation has duly been validly revoked, after the two reduplicative hearings required by *Gagnon* at which he has been represented by able counsel from the public defender's office, and that the sentence imposed on March 12, 1981, shall stand and remain in full force and effect as the final judgment of this Court, appeal time to be computed from the date of filing of this opinion; and that if an appeal not be taken within thirty days defendant shall thereupon surrender to serve the period of sixty days' confinement included in the sentence.