**John GAMMARANO, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 609, Docket 83–2243.**

United States Court of Appeals, Second Circuit.

Argued Jan. 24, 1983.

Decided April 5, 1984.

Gustave H. Newman, New York City (Barbara L. Hartung, Newman & Adler, New York City, of counsel), for plaintiff-appellant.

Michael A. Guadagno, Sp. Atty., E.D. N.Y., Brooklyn, N.Y. (Raymond J. Dearie, U.S. Atty., E.D.N.Y., Edward A. McDonald, Attorney-in-Charge, U.S. Dept. of Justice, Organized Crime Strike Force, E.D.N.Y., Lawrence H. Sharf, Sp. Atty., E.D.N.Y., Brooklyn, N.Y., of counsel), for defendant-appellee.

Before MANSFIELD, PIERCE and WINTER, Circuit Judges.

PIERCE, Circuit Judge:

Appellant Gammarano appeals from a judgment, entered on July 25, 1983, of the United States District Court for the Eastern District of New York, Edward R. Neaher, *Judge,* denying Gammarano's motion pursuant to 28 U.S.C. § 2255 for modification of sentence, revoking his probation, and sentencing him to a two-year term of imprisonment.

On appeal, Gammarano contends that the district judge should have reduced his probation period to two years because, in originally imposing a five-year period of probation, Judge Neaher violated the terms of a plea agreement which provided that Gammarano's "sentence" would not "exceed two years." Gammarano also argues that the district court was without jurisdiction to revoke his probation and order his incarceration because, although the probation violation occurred within the first two years of probation, the revocation took place after the termination of the alleged two-year probation period. We reject these contentions and, therefore, we affirm the judgment of the district court.

## I. BACKGROUND

In November, 1978, Gammarano was indicted and charged with two counts of making extortionate extensions of credit in violation of 18 U.S.C. § 892, and two counts of using and conspiring to use extortionate means to collect extensions of credit in violation of 18 U.S.C. § 894. The maximum sentence for each offense was 20 years' imprisonment and $10,000 fine.

Almost one and one-half years later, in April, 1980, Gammarano was charged in a second indictment, while the first was still pending, with four counts of filing false tax returns for the years 1973 through 1976 in violation of 26 U.S.C. § 7206(1). According to the indictment, Gammarano's tax returns failed to report the interest and commission income he earned from the extortionate lending activity charged in the first indictment. On April 11, 1980, Gammarano and the government entered into a plea agreement pursuant to Fed.R.Crim.P.

11(e), providing that Gammarano would plead guilty to count two (filing a false returr for 1974) of the 1980 indictment in satisfaction of both indictments. For its part, the government agreed that it would not oppose Gammarano's request that the district court "impose a sentence not to exceed two years." The plea agreement further stated that Gammarano's sentencing request was not binding on the court but that if the court rejected the request, it would provide Gammarano with the opportunity to withdraw his plea pursuant to Fed.R.Crim.P. 11(e)(4). During the plea proceedings on April 11, 1980, Gammarano acknowledged his guilt with respect to the second count of the 1980 indictment. Following a colloquy between the court and defense counsel on the maximum sentence Gammarano could receive for the crimes charged, Judge Neaher noted that he would accept the plea agreement "on the understanding that any sentence would not exceed two years ...." After Gammarano indicated that he understood the terms of the plea agreement, Judge Neaher stated that

> the Court finds that the Defendant ... understands the nature of the charge against him in Count two of indictment of 80 CR 163, and that he understands also the penalty by way of imprisonment for the full period pursuant to the plea agreement ....

Judge Neaher set May 30, 1980, as the date for sentence. At the sentencing hearing, defense counsel spoke on his client's behalf, urging the district court not to impose a sentence of imprisonment, stating that Gammarano had "made an adjustment" and was "fit to stay in society unless he disproves it by any kind of violation ...." Defense counsel concluded his argument by requesting "a noncustodial punishment coupled with a financial penalty." Although Gammarano had two prior convictions and recently had served a state prison term for possession of a gun, Judge Neaher suspended the imposition of sentence, placed Gammarano on probation for five years and fined him $2,500. Apparent-

ly satisfied with Judge Neaher's ruling, both Gammarano and his counsel thanked the court. Later that day, Gammarano was assigned to a probation officer and agreed in writing to the conditions of probation extending over a period of five years.

Approximately two and one-half years later, on September 29, 1982, while still on probation, Gammarano was once again indicted, this time for financing an extortionate extension of credit in violation of 18 U.S.C. § 893 and collecting and conspiring to collect by extortionate means an extension of credit. On April 23, 1983, Gammarano pleaded guilty before Judge Nickerson in the Eastern District of New York to count six of the new indictment. That count alleged that during the period of January 25, 1982, to April 28, 1982, i.e., within the first two years of probation, Gammarano had collected an extension of credit by extortionate means.

On June 30, 1983, Judge Nickerson imposed sentence as to the 1982 charge. At the sentencing hearing, defense counsel requested that the court sentence Gammarano in accordance with a plea agreement entered into between Gammarano and the government with respect to the 1982 indictment. Specifically, defense counsel requested that any sentence imposed by Judge Nickerson run concurrently with any sentence Judge Neaher might impose in response to the probation violation. Judge Nickerson acceded to this request, acknowledged his acceptance of the plea agreement, and sentenced Gammarano to a $10,000 fine and imprisonment of one year and a day. The prison term was to run concurrently with any sentence Judge Neaher might impose as a result of the putative probation violation.

Less than a week later, Gammarano filed a section 2255 motion requesting that Judge Neaher reduce to two years the five-year probation term he had imposed in May, 1980. Gammarano argued for the first time that the five-year probation term exceeded his expectation under the April 1980 plea agreement, which limited Gammarano's sentence to two years. He also contended that since the initial probation period should have been only two years, the district court now was without jurisdiction to revoke probation on the basis of a subsequent charge of probation violation. Judge Neaher rejected Gammarano's contentions and proceeded to revoke probation and sentence him to two years' imprisonment to run concurrently with Judge Nickerson's sentence. We affirm.

## II. DISCUSSION

■ In support of his proposition that the five-year probation period violated the April 1980 plea agreement, Gammarano principally relies upon our decision in *Paradiso v. United States*, 689 F.2d 28 (2d Cir.1982), *cert. denied*, 459 U.S. 1116, 103 S.Ct. 752, 74 L.Ed.2d 970 (1983).[1] In *United States v. Paradiso*, however, we stated clearly that in an action alleging violation of a plea agreement, " '[t]he dispositive question ... is what the parties to this plea [bargain] reasonably understood to be the terms of the agreement.' " *Id.* at 31 (quoting *United States v. Arnett*, 628 F.2d 1162, 1164 (9th Cir.1979)). The crucial issue herein, as in *United States v. Paradiso*, 689 F.2d at 31, is whether the term imposed by the sentencing judge "comport[s] with the reasonable understanding and expectations of the defendant as to the sentence for which he had bargained." *Id.*; *see also United States v. Crusco*, 536 F.2d 21, 24 (3rd Cir.1976). That question is one

1. Gammarano also cites *United States v. Burruezo*, 704 F.2d 33 (2d Cir.1983) in support of his position. In *United States v. Burruezo*, this court vacated a guilty plea on direct appeal because it was unclear on the record whether the district judge had accepted or rejected the proposed plea agreement. The court noted that if the district judge intended to reject the plea agreement, he should have notified the defendant and given him an opportunity to withdraw his plea pursuant to Fed.R.Crim.P. 11(e). *Id.* at 38. Herein, Judge Neaher explicitly stated that he was accepting the plea agreement and was sentencing in accordance therewith. Contrary to Gammarano's assertion, in the instant case there does not exist, as there did in *United States v. Burruezo*, any ambiguity about whether the district judge accepted the plea agreement.

of fact which must be answered by objective proof on the record. *United States v. Arnett*, 628 F.2d at 1164; *United States v. Crusco*, 536 F.2d at 24–25.

■ In *United States v. Paradiso*, the plea agreement "ambiguously stated" the question of whether appellant's sentences would run concurrently. Looking to "the real intent of the parties," the court upheld the imposition of consecutive sentences, stating as follows:

> it is clear that it was the ten year limit rather than the technical question of whether his sentences ran concurrently or consecutively, that was important to appellant and governed his understanding of the plea bargain at issue here.

*United States v. Paradiso*, 689 F.2d at 31. This quoted language makes it clear that the reasonable understanding and expectations of the parties, rather than technical distinctions in semantics,[2] control the question of whether a particular sentence imposed violates a plea agreement.

■ After reviewing the record, we cannot conclude that the five years' probation ordered by Judge Neaher violated Gammarano's reasonable expectation under the plea agreement. The record as a whole overwhelmingly indicates that pursuant to the April 1980 plea agreement, appellant wished to avoid incarceration longer than two years. At the initial sentencing hearing, defense counsel argued eloquently in favor of a noncustodial term. He represented that Gammarano had "made an adjustment" and now was "fit to stay in society unless he disproves it by any kind of violation . . . ." He further stated that Gammarano was working to support his family, with whom he shared a close relationship. Judge Neaher acceded to defense counsel's plea that the court allow his client to remain in the community. Instead of imposing a term of imprisonment, Judge Neaher ordered a fine and placed Gammarano on probation for five years. Gammarano and his counsel each thanked the court. Later that day, appellant was assigned to a probation officer and he signed a statement agreeing to abide by the conditions of probation for a period of five years.

In addition, unlike appellant in *United States v. Crusco*, 536 F.2d at 23, Gammarano did not protest immediately after sentencing to the sentencing judge. He also did not seek to withdraw his guilty plea, to file a motion pursuant to Fed.R.Crim.P. 35 to correct or reduce the sentence, or to file a direct appeal, *see United States v. Burruezo*, 704 F.2d 33, 35 (2d Cir.1983), even though he had extensive prior experience with criminal proceedings and herein was ably represented by counsel. Even now, Gammarano does not offer any explanation for his delay in objecting to the five-year probation term. While his "silence [after imposition of sentence] does not constitute a waiver, it is evidence that his reasonable expectations had been fulfilled." *United States v. Paradiso*, 689 F.2d at 31. In short, his inaction indicates that the probation term satisfied his expectations under the plea agreement.

■ Even if we were to conclude, which we do not, that the April 1980 plea bargain's two-year limit applied to probation as well as to imprisonment, we still would reject Gammarano's contention that the district judge was without jurisdiction to revoke probation after the two-year period

2. For this reason, we need not decide whether appellee is correct in asserting that the plea agreement did not include probation because probation is not a "sentence" and instead involves the suspension of imposition of sentence. *Compare* 18 U.S.C. § 3651 (1982) (under certain circumstances, a court "may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best"); *Sims v. United States*, 607 F.2d 757, 759 (6th Cir.1979) (imposition of five year prison term upon revocation of probation for two years is not double jeopardy because defendant "had not been sentenced"); *United States v. Becker*, 536 F.2d 471, 473 (1st Cir.1976) ("probation and sentence are separate and distinct"); *United States v. Fultz*, 482 F.2d 1, 4 (8th Cir.1973) ("[p]robation . . . is in no sense a sentence as that term is used in the Act") *with Napoles v. United States*, 536 F.2d 722, 725 (7th Cir.1976) (concluding that "probation is a sentence within the meaning of the provisions of [28 U.S.C.] § 2255 and [18 U.S.C.] § 3653").

had expired. Gammarano's jurisdictional argument ignores the statutory scheme and underlying case law, which we read to provide that probation may be revoked within five years from the date probation commences, even if the actual term of probation is shorter, so long as the violation itself occurs during the probation period.

The statutory language is clear on this point. The applicable provision states.that

[a]t any time within the probation period [herein, two years], or within the maximum probation period permitted by section 3651 of this title [five years], the court for the district in which the probationer is being supervised or if he is no longer under supervision, the court for the district in which he was last under supervision, may issue a warrant for his arrest for violation of probation occurring during the probation period [herein, two years].

18 U.S.C. § 3653 (1982). Applying this language to the facts of the instant case, we conclude that since Gammarano's probation violation occurred within two years, the district court had jurisdiction to revoke his parole within five years after probation started even if we assumed that the initial probation term could only run for two years.

The case law in this and other circuits also supports our interpretation. In *United States v. Basso*, 632 F.2d 1007 (2d Cir. 1980), *cert. denied*, 450 U.S. 965, 101 S.Ct. 1480, 67 L.Ed.2d 613 (1981), the defendant, who initially had received two years' probation, violated probation and was served with a revocation warrant all within the two-year probation period. The district court quashed the warrant, but we reversed on appeal. In doing so, we noted that the government "remain[ed] free to rearrest [Basso] for the same violation of

the conditions of his probation." *Id.* at 1012. We explained that

Basso's susceptibility to arrest and revocation of probation has not ceased or been mooted because more than two years have passed since he was placed on two years' probation on January 14, 1977. The probation statute, 18 U.S.C. § 3653, explicitly provides, "At any time within the probation period, *or within the maximum probation period permitted by section 3651 of this title [five years]*, the court ... may issue a warrant for [a probationer's] arrest for violation of probation occurring during the probation period." (Emphasis added).

*Id.* at n. 5; *see also United States v. Albano*, 698 F.2d 144, 148 (2d Cir.1983) (section 3653 "permits the issuance of a warrant at any time within the probation period, or 'within the maximum probation period permitted by section 3651 of this title'") (quoting statute). The Court of Appeals for the Eleventh Circuit also interpreted section 3653 in the same manner, stating that

[o]ther circuits have followed the statute's clear language and have held that a court can issue a warrant and revoke an individual's probation at any time during the maximum five year probationary period permitted by 18 U.S.C.A. § 3651 so long as the acts causing the revocation occur within a probationer's period of probation.

*United States v. O'Quinn*, 689 F.2d 1359, 1360 (11th Cir.1982) (citing, *inter alia, United States v. Basso*, 632 F.2d at 1012 n. 5). Other circuits have followed the same view. *See, e.g., United States v. Blunt*, 680 F.2d 1216, 1218 (8th Cir.1982); *United States v. Swanson*, 454 F.2d 1263, 1265 (7th Cir.1972).[3] In short, we conclude that

---

**3.** Gammarano cannot find support from the Eighth Circuit's decision in *United States v. Strada*, 503 F.2d 1081, 1084 (8th Cir.1974), which noted that "a revocation can occur after the probationary period only if the violation is one that occurred during that period and if formal revocation procedures—usually the issuance of an arrest warrant—are initiated during that period." A subsequent decision of the Eighth Cir-

cuit distinguishes *United States v. Strada* as follows:

[I]n *Strada*, the district court had imposed the maximum probationary term permitted by 18 U.S.C. § 3651: five years. Thus, unlike the facts in this appeal, *Strada* was a case where the actual probationary term imposed was coextensive with the five-year maximum probationary term permitted by 18 U.S.C.

herein Judge Neaher had jurisdiction to revoke Gammarano's probation since the probation violation occurred during the allegedly relevant two-year period and the revocation took place within the maximum five-year period.[4]

▉ Finally, as an alternative basis for our decision, we hold that Gammarano waived his right to object to the five-year probation term. We recognize that "no rule of federal procedure obliges a defendant to make a contemporaneous objection" to a putative plea agreement violation. *United States v. Corsentino*, 685 F.2d 48, 50 (2d Cir.1982). Courts therefore are hesitant to conclude that a defendant has waived his plea agreement claim. *United States v. Paradiso*, 689 F.2d at 30. Yet, we have stated that "in some circumstances the impending violation of a plea agreement may be so clearly anticipated that a defendant's failure to object ... can fairly be taken to be a waiver of compliance with the agreement." *United States v. Corsentino*, 685 F.2d at 50. Herein, Gammarano waited over two years, until he saw that Judge Neaher might revoke probation, to complain. He also used the possibility of probation revocation as a basis for seeking leniency on the 1982 charges in the sentencing hearing before Judge Nickerson prior to filing the instant petition. This combination of circumstances warrants a holding that Gammarano waived his sentencing claim under the plea agreement. *See id.*

## III. CONCLUSION

For the foregoing reasons, we affirm the judgment of conviction.

▉

§ 3651. When considered in its factual context then, *Strada* is not inconsistent with 18 U.S.C. § 3653 as interpreted by *Swanson* [, 454 F.2d at 1265] ....
*United States v. Blunt*, 680 F.2d at 1219.

4. As noted above, Gammarano pleaded guilty in 1983 to using extortionate means to collect an extension of credit during the period of January 25 to April 28, 1982. Judge Neaher had ordered five years' probation less than two years earlier on May 30, 1980.