**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**ETIENNE GEORGE, Defendant**

Criminal No. 126-1983

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

August 2, 1984

GERALD BOGGESS, Assistant Attorney General (Department of Law), St. Thomas, V.I., *for plaintiff*

WILLIAM K. EVANS, ESQ., Public Defender's Office, St. Thomas, V.I., *for defendant*

HODGE, *Presiding Judge*

## MEMORANDUM

### I.

This matter is before the court on motion by the Government for an Order to Show Cause why sanctions should not be imposed upon defendant for violation of the terms of his probation. The defendant has not filed a response to the motion nor sought an extension of time within which to do so. The question presented in this motion is whether sanctions may be imposed upon a defendant for a probation violation after the expiration of his probationary period, where the probation violation occurred during the probationary period, and where the maximum statutory probationary period of five years has not expired. For the reasons which follow, the court resolves the question in the affirmative.

### II.

After conviction by the court of Disturbing the Peace in violation of 14 V.I.C. § 622(1), defendant was sentenced on June 16, 1983, to

ninety (90) days in jail , which was suspended, and he was placed on supervised probation for one (1) year, expiring June 15, 1984. Among the terms and conditions of his probation was one prohibiting defendant from harassing, molesting or interfering with the complaining witness. On June 19, 1984 the instant motion was filed alleging that on June 13, 1984, defendant threatened the complaining witness, spat in her face and struck her with his fist. The government contends that this conduct by the defendant violates the condition of probation which prohibited him from harassing, molesting or interfering with the complaining witness.

## III.

5 V.I.C. § 3720 provides in pertinent part:

> At any time within the probation period, or within the maximum probation period permitted by section 3711 of this title [5 years] the Court may issue a warrant for his arrest for violation of probation occurring during the probation period.

■■ The foregoing provision was adopted from 18 U.S.C. § 3653 which has been interpreted to mean that even though a probationary period had expired, the trial court had jurisdiction to revoke a defendant's probation where the Government's request for such an order was made within five years after commencement of the probationary period. United States v. Miller, 454 F.Supp. 440 (D.C. Ill. 1978). More recently, it was held that revocation of probation was permissible, even if probation had terminated and had not been validly extended, where a violation was committed during the existence of probation and the five-year limitation for probation was not exceeded. United States v. Fontana, 510 F.Supp. 158 (D.C. Pa. 1981), aff'd, 673 F.2d 1303 (3d Cir. 1981), cert. denied 455 U.S. 957, 102 S.Ct. 468 (1981).

■ When considered in light of these decisions, it is clear that the violation occurred during the probationary period imposed by the court and that the maximum statutory period for probation has not expired. Hence, the court is empowered to consider and grant the instant motion pursuant to 5 V.I.C. § 3720. An order will be entered accordingly.

## ORDER

Upon consideration of the Government's motion for an Order to Show Cause why sanctions should not be imposed upon defendant

for violation of the terms of his probation and the court being satisfied in the premises, it is hereby,

ORDERED, that the motion is GRANTED; and it is further,

ORDERED, that defendant shall appear before this court on September 27, 1984, at 11:30 a.m. for hearing on the said motion.