**Xenofont A.
GALAKTIONOFF, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–1625.**

Court of Appeals of Alaska.

March 6, 1987.

Brigette E. Siff, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Cynthia M. Hora, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

## OPINION

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

SINGLETON, Judge.

On March 30, 1984, Xenofont Galaktionoff entered a plea of no contest to a charge of assault in the fourth degree, a misdemeanor. AS 11.41.230(a)(1). Galaktionoff received a sentence of 360 days with 270 days suspended and was placed on probation for two years. Among the conditions of probation was the requirement that Galaktionoff commit no further offenses during the probationary period. On September 17, 1985, Galaktionoff was charged with a second assault. These charges did not come to the attention of the Division of Corrections, and no petition to revoke probation was filed until April 8, 1986, approximately eight days after Galaktionoff's two-year probationary period terminated. Judge Fuld considered the arguments of the parties, found probable cause to revoke probation, and revoked Galaktionoff's probation. Galaktionoff appeals, contending that the trial court lost jurisdiction to revoke his probation after March 30, 1986, when his two-year period of probation terminated. We disagree and affirm.

This appeal presents a single legal issue. Where a defendant is convicted of an offense and placed on probation for two years and commits a further offense within the two-year period which is not discovered by the Division of Corrections until after the two-year period runs, may the trial court revoke probation? We conclude that so long as the petition to revoke probation was filed within the five-year maximum probation period authorized by statute, revocation may take place. We believe this conclusion is mandated by the plain wording of the applicable statutes. Alaska Statute 12.55.090 permits a trial court to suspend the execution of sentence and place a person on probation for a period not to exceed five years.[1]

Alaska Statute 33.05.070 provides in relevant part:

*Arrest of probationer.* (a) At any time within the probation period, the probation officer may for cause arrest the probationer when ever found, without a warrant. At any time within the probation period [here two years], *or within the maximum probation period permitted by AS 12.55.080 and 12.55.090* [five years], the court for the district in which the probationer is being supervised or, if the probationer is no longer under supervision, the court for the district in which the probationer was last under supervi-

---

1. Alaska Statute 12.55.090 provides:
*Granting of probation.* (a) Probation may be granted whether the crime is punishable by fine or imprisonment or both. If a crime is punishable by both fine and imprisonment, the court may impose a fine and place the defendant on probation as to imprisonment. Probation may be limited to one or more counts or indict-

ments, but, in the absence of express limitation, shall extend to the entire sentence and judgment.

(b) The court may revoke or modify any condition of probation, or may change the period of probation.

(c) The period of probation, together with any extension, shall not exceed five years.

sion may issue a warrant for the probationer's arrest for violation of probation occurring during the probation period. . . .

(b) As speedily as possible after arrest the probationer shall be taken before the court for the district having jurisdiction over the probationer. Thereupon the court may revoke the probation and require the probationer to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed, subject to the limitations specified in AS 12.55.086(c) [dealing with suspended imposition of sentence].

(Emphasis added.)

Applying this language to the facts of the instant case, we conclude that since Galaktionoff's probation violation occurred within the two years specified for his probation, the trial court had jurisdiction to revoke his probation within the five-year maximum probationary period despite the fact that formal probation terminated prior to the filing of the petition to revoke probation. In reaching this conclusion, we note that our probation statutes, AS 12.55.-080, .090 and .100, use much of the same language as 18 U.S.C. § 3651 (1976), and are modeled on the federal law. *Gonzales v. State*, 608 P.2d 23, 26 n. 6 (Alaska 1980); *Tiedeman v. State*, 576 P.2d 114, 116–17 n. 11 (Alaska 1978); *Jackson v. State*, 541 P.2d 23, 25 (Alaska 1975). Thus, it comes as no surprise that AS 33.05.070 is virtually identical to 18 U.S.C. § 3653.[2]

The federal cases interpreting the federal statute have uniformly rejected Galaktionoff's position. A court can issue a warrant and revoke an individual's probation at any time during the maximum five-year

probationary period permitted by 18 U.S.C. § 3651 so long as the acts justifying the revocation occur within a probationer's formal period of probation. *See, e.g., Gammarano v. United States*, 732 F.2d 273, 277 (2nd Cir.1984); *United States v. Hill*, 719 F.2d 1402, 1404 (9th Cir.1983); *United States v. O'Quinn*, 689 F.2d 1359, 1360 (11th Cir.1982); *United States v. Blunt*, 680 F.2d 1216, 1218–19 (8th Cir. 1982); *United States v. Swanson*, 454 F.2d 1263, 1265 (7th Cir.1972); *United States v. Fontana*, 510 F.Supp. 158, 160 (W.D.Pa. 1981), *aff'd mem*, 673 F.2d 1303 (3rd Cir. 1981), *cert. denied*, 455 U.S. 957, 102 S.Ct. 1468, 71 L.Ed.2d 675 (1982); *United States v. Miller*, 454 F.Supp. 440, 442 (N.D.Ill. 1978).

Galaktionoff's reliance on cases from other states is misplaced since each of those cases interpreted a statute which specifically required that probation revocations be completed within the probationary period originally set by the trial court. *See, e.g., State v. Nelson*, 92 Wash.2d 862, 601 P.2d 1276 (1979); *In re: Griffin*, 67 Cal.2d 343, 62 Cal.Rptr. 1, 431 P.2d 625 (1967); *State v. O'Neal*, 24 Or.App. 423, 545 P.2d 910 (1976); *State v. Rodriquez*, 547 P.2d 974 (Okla.Crim.App.1976). *See also* Annotation, *POWER OF COURT AFTER EXPIRATION OF PROBATION TERM TO REVOKE OR MODIFY PROBATION FOR VIOLATIONS COMMITTED DURING THE PROBATION TERM*, 13 A.L.R. 4th 1240 (1982).

The judgment of the district court is AFFIRMED.

---

2. 18 U.S.C. § 3653 provides in relevant part:

At any time within the probation period, the probation officer may for cause arrest the probationer wherever found, without a warrant. At any time within the probation period, or within the maximum probation period permitted by section 3651 of this title, the court for the district in which the probationer is being supervised or if he is no longer under supervision, the court for the district in which he was last under supervision, may issue a warrant for his arrest

for violation of probation occurring during the probation period. . . .

As speedily as possible after arrest the probationer shall be taken before the court for the district having jurisdiction over him. Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed.