UNITED STATES of America, Plaintiff-Appellee,

v.

Harold G. STEINER, Defendant-Appellant.

No. 11791.

United States Court of Appeals Seventh Circuit.

Jan. 7, 1957.

Rehearing Denied Feb. 4, 1957.

Before FINNEGAN, LINDLEY and SCHNACKENBERG, Circuit Judges.

FINNEGAN, Circuit Judge.

Convicted upon his plea of nolo contendere under the first count of an indictment charging violation of 26 U.S.C. § 145(b), Steiner, defendant-appellant, was fined[1] $10,000 and sentenced to the custody of the Attorney General for eighteen months; but that judgment entered June 1, 1954 contained this order of probation. Rule 32(b), Fed.Rules Criminal Procedure, 18 U.S.C.:

> "It is Further Adjudged that prison terms be suspended and defendant placed on probation for period of two years from this date, *on condition that defendant make every effort to pay tax liability to the United States.* (Italics ours.)"

That was a final and appealable judgment. Korematsu v. United States, 1943, 319 U.S. 432, 63 S.Ct. 1124, 87 L.Ed. 1497; Berman v. United States, 1937, 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. 204. But the appeal now before us is from an order, dated May 31, 1956, revoking Steiner's probation, after a hearing, and committing him "to the custody of the Attorney General for a period of eighteen months, imposed in the original judgment."

Almost two years after he has been under the order placing him on probation, Steiner challenges the italicized condition, embodied in it, and already quoted. "Probation or suspension of sentence comes as an act of grace to one convicted of a crime * * *." Escoe v. Zerbst, 1935, 295 U.S. 490, 492, 55 S.Ct. 818, 819, 79 L.Ed. 1566. By accepting probation on the condition, now challenged, without earlier seeking review of the 1954 order within the time, Rule 37, Federal Rules Criminal Procedure, 18 U.S.C., provided for appeals, defendant is foreclosed from attacking it. From the record it appears that

Robert J. Downing, Chicago, Ill., Mitchell & Conway, of counsel, Chicago, Ill., for appellant.

George E. Rapp, U. S. Atty., Henry A. Field, Jr., Asst. U. S. Atty., Madison, Wis., for appellee.

1. It was also ordered that the $5000 deposited by defendant as bail "be applied as part payment of fine, and that execution of sentence be stayed as to the balance of the fine for six months."

Steiner was represented by two attorneys at the time sentence was imposed and probation granted, and when the district judge and defendant exchanged these remarks:

"The Court: One of the conditions under which I am placing you on probation is that you make every reasonable effort and every honest effort to satisfy your tax liability with the government. It won't be up to the Internal Revenue Department to determine whether you are making that effort; it will be up to this court. It will be that you have to satisfy this court to make every reasonable effort—

"A. I think I can do that. I will try.

"Q. (Continuing)—to discharge this liability.

"The Clerk: Fine of $10,000; the defendant committed to custody of the Attorney General for eighteen months, and sentence be suspended and the defendant placed on probation for a period of two years, conditioned that the defendant make every effort to pay the tax liability to the U. S. Government.

"The Court: And that the court shall be the judge of whether this effort, your utmost effort—

"A. I think that's fair, your honor."

■ Even if Steiner's belated attempt at eradicating the condition, "that he make every effort to pay tax liability," is before us, by indirection at least, we refrain from disturbing the judicial discretion ordering it, and exercised under 18 U.S.C. § 3651, providing for granting probation:

"When * * * the ends of justice and the best interest of the public as well as the defendant will be served thereby * * * upon such terms and conditions as the court deems best."

Judicial discretion is the fabric from which probation is cut and tailored. See e. g. Berra v. United States, 8 Cir., 1955, 221 F.2d 590 affirmed 1956, 351 U.S. 131, 76 S.Ct. 685. We think defendant's argument erected on the restitution clause of § 3651 lacks persuasive force. United States v. Stoehr, 3 Cir., 1952, 196 F.2d 276, strongly pressed on us by defendant, contains a dissimilar condition of probation requiring *payment* of taxes within ninety days after probation commenced upon the defendant's release from prison—he having been sentenced to imprisonment on other counts. Determination of tax liability and efforts to pay taxes are distinguishable.

■ But *effort* to pay is what was required of Steiner. After reading the record made during the probation revocation hearings we are satisfied that the district judge's discretion was again unabused. Burns v. United States, 1932, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266, instead of providing the comfort which defendant seems to find in it, lends strength to our approval of the proceeding held below. See also: Kirsch v. United States, 8 Cir., 1949, 173 F.2d 652. Other points urged by defendant display a robust abandon of the record revealing ample, timely and explicit notice of, and alleged grounds for, revocation, as well as Steiner's unqualified declaration that he was going to act as his own attorney.[2] Indeed he questioned some of the five witnesses who testified in support of the petition to revoke probation. By sorting out this printed record it reveals that the first stage of the revocation proceeding

---

2. See e. g. T. R. 106 when at the continued hearing, May 31, 1956, after stating some other matters, Mr. Steiner said to the district judge: "* * * As you know, when I appeared here before you the last time, I was not represented by counsel; and as a result—

"The Court: But you had every opportunity to appear by counsel. No one prevented you—

"The Defendant: No, no, I am not using that as an excuse."

began April 24, 1956 and was resumed May 31, 1956. The first extensive hearing adequately demonstrates Steiner's acute and astute grasp of the situation and, the continuance given him for the express purpose of reflection.

The order appealed revoking probation is affirmed.

Affirmed.