Emil Richard YATES, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 7012.

United States Court of Appeals
Tenth Circuit.

Sept. 12, 1962.

Richard T. Sonberg, Denver, Colo., for appellant.

Thomas E. Joyce, Asst. U. S. Atty. (Newell A. George, U. S. Atty., with him on the brief), for appellee.

Before PICKETT, HILL and SETH, Circuit Judges.

HILL, Circuit Judge.

The appeal is from an order and judgment of the court below revoking appel-

lant's probation and sentencing him to imprisonment for a term of 3 years.

The facts necessary for our determination of the case are as follows: On December 28, 1959, Yates appeared before the court below to answer the charge of criminal contempt.[1] He was tried before the court, without a jury, and found guilty. After the court had the benefit of a pre-sentence report, imposition of sentence was suspended and probation was granted for a period of 4 years. No appeal was taken from the judgment of conviction.

On February 7, 1962, appellant was brought before the lower court for alleged violation of the conditions of his probation, and after a hearing his probation was revoked and a 3 years maximum sentence was imposed upon him under the provisions of 18 U.S.C. § 4208(a). From this order revoking probation and imposing an institutional sentence appellant has taken this appeal, wherein the validity of the original judgment of conviction is attacked as being void and illegal, thus rendering the order revoking probation and imposing sentence likewise without legal basis.

The question first presented concerns the right of the appellant to attack the original judgment of conviction, from which no appeal was taken, by an appeal from the order revoking probation and imposing sentence.

■ It is a familiar rule that the taking of an appeal within the prescribed time is mandatory and jurisdictional. Wilkinson v. United States, 10 Cir., 278 F.2d 604, cert. denied, 363 U.S. 829, 80 S.Ct. 1600, 4 L.Ed.2d 1524; Batson v. United States, 10 Cir., 129 F.2d 463. If no appeal is taken within the time prescribed in Rule 37 of the Federal Rules of Criminal Procedure, 18 U.S.C., the judgment of conviction and the sentence becomes final. By accepting such judgment without seeking a timely review, a defendant is foreclosed from attacking it by an appeal not timely taken. Bernal-Zazueta v. United States, 9 Cir., 225 F.2d

64; United States v. Steiner, 7 Cir., 239 F.2d 660, cert. denied, 353 U.S. 936, 77 S.Ct. 813, 1 L.Ed.2d 759.

Appellant seems to recognize the force and validity of these rules but argues that relief should be granted wherever there has been a denial of constitutional rights, such as alleged here, since the resulting conviction is invalid and void even though such error might have been appealed in the first instance immediately upon conviction. In support of this argument, appellant cites and relies upon United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Pierce v. United States, 5 Cir., 157 F.2d 848, cert. denied, 324 U.S. 873, 65 S.Ct. 1011, 89 L.Ed. 1427; Garrison v. United States, 5 Cir., 154 F.2d 106; United States v. Morgan, 2 Cir., 222 F.2d 673; Farnsworth v. United States, 98 U.S.App.D.C. 59, 232 F.2d 59. These cases are, however, easily distinguishable from this case on procedural grounds.

■ We, therefore, hold that the judgment of conviction for criminal contempt and the sentence pronounced thereon became final when the time for appeal expired without an appeal being taken. In so holding, we do not attempt to determine the validity of the original proceeding, as proper remedies in the trial court are available to appellant for that purpose, but we must conclude, that, by this appeal from the order revoking probation, appellant cannot, for the first time, attack the legality of such original proceeding.

The only question remaining is whether the court abused its discretion in revoking the probation. Appellant contends that it did because the evidence is insufficient to establish a violation of the conditions thereof.

■ Probation or the suspension of sentence comes as an act of grace to one convicted of a crime. Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566; United States v. Steiner, supra. It is granted to a defendant as a privilege and

1. 18 U.S.C. § 402.

not as a right. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266; Bryson v. United States, 9 Cir., 265 F.2d 9, cert. denied, 355 U.S. 817, 78 S.Ct. 20, 2 L.Ed.2d 34. The basic purpose of probation is " * * * to provide an individualized program offering a young or unhardened offender an opportunity to rehabilitate himself without institutional confinement under the tutelage of a probation official and under the continuing power of the court to impose institutional punishment for his original offense in the event that he abuse this opportunity." Roberts v. United States, 320 U.S. 264, 272, 64 S.Ct. 113, 117, 88 L.Ed. 41. It may be coupled with such terms and conditions in respect to time as Congress may direct (Escoe v. Zerbst, supra), and it is not necessary that all of the conditions of the probation be set out in the sentence. Kaplan v. United States, 8 Cir., 234 F.2d 345.

■ Probation, once granted, may of course be revoked by the court upon a summary hearing without notice to the probationer of specific charges of violation of the conditions thereof. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266. Whether it should be revoked in a particular case is within the sound judicial discretion of the court granting it. Nelson v. United States, 10 Cir., 225 F.2d 902; Hamilton v. United States, 10 Cir., 219 F.2d 634; Gillespie v. Hunter, 10 Cir., 159 F.2d 410.[2] In an appeal from an order revoking probation the only question presented is whether the trial court exercised sound judicial discretion. Burns v. United States, supra; Hensley v. United States, 5 Cir., 257 F.2d 681; Pritchett v. United States, 4 Cir., 67 F.2d 244.

■ Moreover, proof sufficient to support a criminal conviction is not required to support a judge's discretionary order revoking probation. There need not be evidence presented which would establish

beyond a reasonable doubt guilt of criminal offenses. All that is required is that the evidence and facts be such as to reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation. Bernal-Zazueta v. United States, supra; Manning v. United States, 5 Cir., 161 F.2d 827, cert. denied, 332 U.S. 792, 68 S.Ct. 102, 92 L.Ed. 374.

■ We have carefully considered the evidence contained in the record which was before the court at the revocation hearing and must conclude there was ample evidence to reasonably satisfy the trial court that the conditions of probation had been broken. Therefore, the court, within its discretion, was justified in revoking the probation and imposing a sentence within the limits prescribed by law.

Affirmed.

2. The rule is well stated by this Court in the Nelson case, supra, 225 F.2d at page 904.

" * * * Courts may not act arbitrarily in revoking probations, but all

that is required is evidence and facts which reasonably satisfy the judge that the probationer's conduct has not been as good as that required by the conditions of probation. (Citation of cases)."