**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Donald W. WARDEN,**
**Defendant-Appellant.**

No. 81–2750.

United States Court of Appeals,
Seventh Circuit.

Argued June 10, 1982.

Decided Sept. 27, 1982 *.

Opinion April 25, 1983.

Gordon James Arnett, Chicago, Ill., for defendant-appellant.

Sheldon T. Zenner, Asst. U.S. Atty., Dan K. Webb, U.S. Atty., Chicago, Ill., for plaintiff-appellee.

* This appeal was originally decided by unreported order on September 27, 1982. See Circuit Rule 35. The Court has subsequently decided to issue the decision as an opinion.

Before CUMMINGS, Chief Judge, CU-DAHY, Circuit Judge, and EAST,** Senior District Judge.

PER CURIAM.

Appellant Donald W. Warden pleaded nolo contendere to a three-count charge of failure to file federal income tax returns in violation of 26 U.S.C. § 7203. The District Court suspended imposition of sentence and placed Warden on four years probation, upon condition that the first 90 days be spent in the Chicago Treatment Center and that Warden submit to psychiatric treatment. In addition, the District Court imposed a fine of $5,000 on each count, for a total of $15,000.

The court ordered that the sentence run concurrently with a sentence imposed on a previous 1973 conviction for filing false income tax returns in violation of 26 U.S.C. § 7206. Warden had been sentenced in that case to four years probation on the same condition as imposed in the instant case; i.e., that he serve 90 days in the Chicago Treatment Center. Warden had appealed that conviction and moved that the District Court here stay the execution of the sentence in this case pending the outcome of that appeal. The court granted the stay.

This court affirmed Warden's 1973 conviction on November 23, 1976. Warden then filed a motion for reduction or modification of sentence in both the previous case and in this case. On September 14, 1977, the District Court denied that motion and ordered Warden to report to the Chicago Treatment Center on September 26, 1977 to begin serving the four-year probation imposed concurrently in these two cases.

Warden failed to pay the $15,000 in fines imposed as part of the original sentence and the Government moved to extend the defendant's probation term for one year to September 25, 1982. The District Court granted the Government's motion on September 25, 1981.

Warden appeals from the District Court's order extending his probation term, claiming that he was denied his right to a hearing and the assistance of counsel because of inadequate notice prior to the hearing. Warden relies upon Fed.R.Crim.P. 32.1(b), which provides in relevant part that:

A hearing and assistance of counsel are required before the terms or conditions of probation can be modified, unless the relief granted to the probationer upon his request or the court's own motion is favorable to him.

The District Court's extension of the original probation period for an additional year was not favorable to Warden. It is manifest, under a fair reading of the rule, that Warden was entitled to adequate notice of the hearing. Otherwise, his statutory rights to a hearing and assistance of counsel would be meaningless.

A review of the record shows that neither Warden nor his attorney were present when the District Court granted the Government's motion to extend Warden's probation. The Government attached an affidavit to its brief stating that a copy of the motion for extension was delivered to Warden's attorney's office approximately 24 hours before the September 25th hearing and that on the day of the hearing the Government's attorney placed a call to that same office and was informed that Warden's attorney was not in. The record further shows that neither Warden nor his attorney were aware of the motion for extension before the September 25, 1981 order was entered and that the District Court was under the erroneous impression that prior notice was not necessary before granting the Government's motion for extension.[1]

---

** Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

1. Before Fed.R.Crim.P. 32.1(b) became effective on December 1, 1980, no federal rule required a hearing and assistance of counsel for a modification of probation. But see Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

Under these circumstances, we find that the notice was not adequate.

Because the requirements of Fed.R. Crim.P. 32.1(b) were not met, the District Court's order of September 25, 1981 extending Warden's probation must be vacated.

REVERSED.