**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Anthony CHAMBLISS, a/k/a "Bird"
Chambliss, Defendant-Appellant.**

**No. 84–7806.
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

July 29, 1985.

Hiram Dodd, Jr., Birmingham, Ala., for defendant-appellant.

Frank W. Donaldson, U.S. Atty., John C. Earnest, Jr., Birmingham, Ala., for plaintiff-appellee.

Before RONEY, FAY and JOHNSON, Circuit Judges.

PER CURIAM:

This appeal presents a rather novel question: whether defendant-appellant is entitled, pursuant to the guarantees of due process, to a hearing to determine if his waiver of counsel and a hearing regarding the modification of his probation conditions was knowing and voluntary. We conclude that due process does not require such a hearing, and therefore affirm the district court's order, revoking appellant's probation.

Appellant Anthony Chambliss was indicted for violation of 18 U.S.C. § 1708, possession of stolen mail matter, and 18 U.S.C. § 495, uttering a forged United States Treasury check. Appellant first entered a plea of not guilty, however, he later withdrew that plea and entered a plea of guilty. He was sentenced to three years' custody under Count One and granted three years' probation under Count Two, which was to commence upon appellant's release from custody.

Prior to March 21, 1984, a Petition for Modification of Probation was filed, requesting that appellant participate in a Drug After Care Program. Appellant received a Notice of Petition, and he executed a waiver of his right to counsel and a waiver of his right to a hearing regarding the recommended modification of probation. The conditions of appellant's probation were thereafter modified.

About seven months later, the probation officer assigned to supervise appellant filed a Petition for Revocation of Probation, because appellant had previously submitted five urine samples, all of which were tested positive for cocaine or Talwin. At appellant's revocation hearing, appellant was found to be in violation of his probation and was sentenced to eight years' custody under Count Two.[1]

There is no dispute as to whether appellant actually executed the waiver of counsel and a hearing; appellant has conceded that he did. Therefore, the sole issue for review is whether due process requires that a separate hearing be held, before a judge, to determine if the waiver was knowing and voluntary. We decline the invitation to stretch the bounds of due process that far. There is no question that appellant violated the terms of his probation and that he received notice of his right to counsel and a hearing. At the final revocation hearing, appellant was represented by counsel and there was no mention made by either counsel or appellant that appellant had not voluntarily waived his rights when the conditions of his probation were modified. We simply can not see how appellant's constitutional rights have been violated.

Because appellant did not preserve this issue for review, we are governed by the plain error standard. Fed.R.Crim.P. 52(b). As we have recently stated, the plain error rule will be used sparingly, and only to correct particularly egregious errors. *See United States v. LaCayo*, 758 F.2d 1559, 1564–65 (11th Cir.1985). Under this strict standard, it is clear that no egregious error has been made.

Appellant argues that "he was denied due process in that when his conditions of probation were modified he was not afforded counsel nor a hearing before a District Judge." (Appellant's Brief at 6). On the contrary, the record reflects that the notice

---

1. During the revocation hearing, District Judge Allgood noted that he had previously sentenced appellant to five years' custody on another occasion and that appellant had "a long, long record." Moreover, the court expressed great concern as to how appellant was procuring the drugs:

> And what worries me, too, is where he is getting the cocaine. Where is he getting money to buy it with? And he has been getting it regularly. What might happen to him if he is out, still on it? It's a wonder he hasn't killed somebody or somebody hasn't killed him, or he hasn't been caught in a worse situation. (R.Vol. 3 at 18).

**1522**

of modification of probation conditions which appellant received clearly set forth appellant's right to counsel and a hearing; however, appellant signed the waiver of those rights. What appellant really objects to is the fact that a judge did not conduct a separate inquiry to determine if his waiver was knowingly and intelligently given.

It is important to note that appellant never alleges that the waiver was not voluntary; he simply claims that without a separate voluntariness hearing, due process has been denied. *United States v. Ross*, 503 F.2d 940 (5th Cir.1974), upon which appellant relies, is distinguishable on two grounds: first, *Ross* involved a probation revocation, not a modification, the former resulting in an immediate loss of liberty, and second, in *Ross*, the government was at least partly responsible for the absence of defendant's counsel. *See Ross*, 503 F.2d at 945. In the case at bar, the government provided clear notice of the terms of the modification, i.e., "that you participate in a drug after care program" (Supp.R.Vol. 1 at 1), and appellant's right to counsel and a hearing. Appellant is simply not entitled to more due process than that. Accordingly, the judgment is

AFFIRMED.