UNITED STATES of America, Plaintiff,

v.

Gary G. DYER, Defendant.

No. 80–CR–105.

United States District Court,
E.D. Wisconsin.

Oct. 7, 1985.

Joseph P. Stadtmueller, U.S. Atty. by Jan E. Kearney, Asst. U.S. Atty., Milwaukee, Wis., for plaintiff.

Stephen E. Kravit, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

Gary Dyer is serving a three-year sentence imposed by this court on October 10, 1984. He now moves for vacation of that sentence on various grounds, pursuant to Rule 35(a), Federal Rules of Criminal Procedure. The motion will be denied.

On August 26, 1980, pursuant to a plea agreement, Mr. Dyer pleaded guilty to a one-count information charging him with possession and distribution of cocaine, in violation of 21 U.S.C. § 841. I sentenced him to a three-year prison term, a three-year special parole term, and fined him $5000. Imposition of sentence was suspended, and he was placed on probation for three years.

On August 24, 1983, the United States Probation Department presented me with a Petition for Probation Action, indicating that Mr. Dyer still owed $2,950.00 on his $5,000.00 fine. On August 25, 1983, I authorized the issuance of a summons for judicial review of Mr. Dyer's probation experience.

On September 1, 1983, Mr. Dyer signed a document requesting that I extend his probation for one year, to August 25, 1984, in

order to give him additional time to pay the $2,950.00 balance remaining on his fine. Defendant's Brief at Exhibit B. This document expressly provided for waiver of Mr. Dyer's right to a hearing, to notice thereof, and to the assistance of counsel. Fed.R. Crim.P. 32.1(b). Pursuant to Mr. Dyer's execution of this request and the incorporated waiver, the probation department petitioned for an extension of his probation for one year. On September 14, 1983, I signed an order withdrawing the summons previously issued and formally extending Mr. Dyer's probation for one year, to August 25, 1984.

On July 5, 1984, before the extended probationary term had expired, Mr. Dyer was convicted of a felony in the United States District Court for the Northern District of Illinois, Case No. 84–CR–94–1. On October 10, 1984, following a hearing held pursuant to Fed.R.Crim.P. 32.1, I found him to be in violation of the conditions of probation imposed on August 26, 1980. Revoking probation, I imposed the sentence originally suspended on August 26, 1980, setting the fine at the $2,950.00 balance and ordering that the three-year prison term run concurrently with the five-year sentence imposed in the Northern District of Illinois.

Mr. Dyer now claims that extension of his probation without a hearing and assistance of counsel was illegal under Fed.R. Crim.P. 32.1(b). He urges the court to utilize its authority under Fed.R.Crim.P. 35(a) to vacate the September 14, 1983, order approving the extension, thus rendering the subsequent October 10, 1984, order revoking probation and imposing sentence null and void. See Yates v. United States, 308 F.2d 737, 738 (10th Cir.1962). Alternatively, he argues that he was denied due process because the extension took place after completion of his original three-year probationary term.

Fed.R.Crim.P. 32.1(b) provides that "A hearing and assistance of counsel are required before the terms or conditions of probation can be modified, unless the relief granted to the probationer upon his request or the court's own motion is favorable to him." In United States v. Warden, 705 F.2d 189 (7th Cir.1982), where, as here, the defendant had failed to pay fines imposed as part of his original sentence, the court of appeals found that a one-year extension of the defendant's probation was not favorable to him within the meaning of Rule 32.1(b). The court thus vacated the district court's order extending Mr. Warden's probation because he had not received a hearing and assistance of counsel as required by the rule. Warden, supra, 705 F.2d at 191.

■ It should be noted that Mr. Warden challenged the extension of his probation under Rule 32.1(b) by direct appeal of the district court's order. Warden, supra, 705 F.2d at 190. Here, by contrast, Mr. Dyer did not appeal from my September 14, 1983, order extending his probation. An order extending probation is final and appealable. United States v. Miller, 454 F.Supp. 440, 444 (N.D.Ill.1978). The question presented thus concerns Mr. Dyer's right collaterally to attack the extension of his probation, from which no appeal was taken, by way of a Rule 35(a) motion for correction of an illegal sentence, which may be made at any time. See Yates, supra, 308 F.2d at 738.

■ An error that may justify relief on direct appeal does not necessarily support a collateral attack on a final judgment. United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 2239, 60 L.Ed.2d 805 (1979). However, a fundamental defect which inherently results in a complete miscarriage of justice does provide a basis for collateral attack. Addonizio, supra, 442 U.S. at 185, 99 S.Ct. at 2240; Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962). Although it does not explicitly allege such a defect, Mr. Dyer's motion does raise two issues which, arguably, could support a collateral attack under this stringent standard. The first issue involves the validity of Mr. Dyer's waiver of his Rule 32.1(b) rights to a hearing and assistance of counsel, and the second his contention that extension of his

probation after expiration of the original three-year probationary term was a violation of due process.

■ According to Mr. Dyer's affidavit, his probation officer "advised and urged" him to request a one-year extension of his probation and to sign a waiver of his Rule 32.1(b) rights to a hearing and assistance of counsel, lest it be revoked for failure to pay his fine. Mr. Dyer contends that had he been provided an opportunity to consult counsel, he would have learned that under *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), his probation could not automatically have been revoked for failure to pay his $5,000.00 fine. Therefore, he concludes, his execution of the waiver was not a "knowing, intelligent act done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970).

It is not disputed that Mr. Dyer executed the waiver. There is no question that Mr. Dyer failed to pay his fine and received notice of his rights to counsel and a hearing. What Mr. Dyer really objects to is that a judge did not conduct a separate inquiry to determine if his waiver was knowingly and intelligently given. Under these circumstances, the issue must be viewed as whether due process requires that a separate judicial hearing be held to determine if the waiver is knowing and voluntary. *United States v. Chambliss*, 766 F.2d 1520, 1521 (11th Cir.1985).

In *Chambliss*, the Court of Appeals for the Eleventh Circuit found that due process does not require the defendant to be given any such hearing regarding the modification of his probation conditions. Where, as here, there is no question that the defendant actually executed the waiver, that he had not complied with the terms of his probation within the original time period, and that he was provided with clear notice of the terms of the proposed modification and of his statutory rights to a hearing and assistance of counsel, *Chambliss* holds that the defendant's probation conditions can be modified without a hearing and assistance of counsel. Under *Chambliss*, therefore, Mr. Dyer's contention that the waiver of his Rule 32.1(b) rights was not sufficiently knowing and voluntary must be rejected.

■ Mr. Dyer also argues that he was denied due process because his probation was extended after completion of his original three-year probationary term. However, because he failed to discharge his $5,000.00 fine within the prescribed three-year period, and because the probation department likewise initiated proceedings for judicial review of his probation experience within that period, the court retained jurisdiction to order the extension outside the original three-year term. *United States v. Miller*, 454 F.Supp. 440, 443 (N.D.Ill.1978). The due process claim asserted is thus without merit.

Mr. Dyer's motion thus fails to allege any error that is sufficiently fundamental to come within the narrowly limited grounds for collateral attack on final judgments and orders. *Addonizio, supra*, 442 U.S. at 184, 99 S.Ct. at 2239. By accepting the extension, now challenged, without earlier seeking appellate review, Mr. Dyer is foreclosed from attacking it collaterally under Fed.R.Crim.P. 35(a). *Cf. United States v. Steiner*, 239 F.2d 660, 661 (7 Cir.1957); *see also, Yates, supra*, 308 F.2d at 738. Consequently, now, almost two years after entry of the extension order, and almost a year after his final revocation hearing, the instant challenge cannot be sustained. *Miller, supra*, 454 F.Supp. at 444. Mr. Dyer does not contend that he was denied a meaningful opportunity to litigate this issue previously.

Therefore, IT IS ORDERED that the defendant's motion for correction and vacation of his sentence, pursuant to Rule 35(a), Federal Rules of Criminal Procedure, be and hereby is denied.