888 F.2d 1387
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Howard Burnett INGRAM, Defendant-Appellant.
 No. 89-7636.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 29, 1989.
Decided Oct. 25, 1989.
 
 Howard Burnett Ingram, appellant pro se.
 Stephen Wiley Miller, Office of the United States Attorney, for appellee.
 Before HARRISON L. WINTER, DONALD RUSSELL, and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Federal inmate Howard Burnett Ingram challenges a 1986 order of the district court which extended his probation for an additional two years. In his motion pursuant to Fed.R.Crim.P. 35(a) and 28 U.S.C. Sec. 2255, he asks that the order be vacated and that a 1987 order revoking his probation be vacated. We vacate the district court's order denying his motion and remand for further proceedings.
 
 
 2
 Fed.R.Crim.P. 32.1(b) requires that a probationer have a hearing and assistance of counsel before the terms of his probation can be modified by extending the term of probation. A probationer may waive his right to counsel and a modification hearing. United States v. Chambliss, 766 F.2d 1520 (11th Cir.1985); United States v. Dyer, 620 F.Supp. 51 (E.D.Wis.1985). However, where a probationer does not receive adequate notice of his right to counsel and a hearing, an order extending his probation must be vacated. United States v. Warden, 705 F.2d 189 (7th Cir.1983).
 
 
 3
 In his motion, Ingram states that at the time his probation was extended, he was not advised of his right to a hearing and the assistance of counsel. The record discloses that Ingram signed a waiver of his right to a hearing; clearly, he was advised of that right. However, the waiver says nothing about his right to counsel, and it is not possible to determine conclusively from the record before us whether he was ever advised of that right or knowingly waived it.
 
 
 4
 Accordingly, the district court's order denying Ingram's motion is vacated and the case is remanded for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 VACATED AND REMANDED.