959 F.2d 238
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America Plaintiff-Appellee,
v.
Robert D. TACKETT, Defendant-Appellant.
 No. 91-2424.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 17, 1991.
Decided March 31, 1992.
Rehearing and Rehearing En Banc
Denied June 22, 1992.
 
 Before POSNER, FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Robert D. Tackett appeals from an order of the district court revoking his probation and sentencing him to fifteen months in prison followed by two years of supervised release. Mr. Tackett contests the jurisdiction of the district court to enter this order on the ground that it operated on the basis of an invalid extension of his term of probation under Fed.R.Crim.P. 32.1(b). We affirm.
 
 
 2
 * BACKGROUND
 
 A. Facts
 
 3
 On May 6, 1988, nineteen-year old Robert D. Tackett pleaded guilty to one count of passing a counterfeit twenty-dollar bill in violation of 18 U.S.C. § 472. The district court sentenced him to probation for a period of two years, and imposed a fine in the amount of $1,000, to be paid during the probationary period.
 
 
 4
 On October 26, 1988, following a hearing on a petition for probation action filed by United States Probation Officer Michael Kendall of the Southern District of Indiana, the district court modified Mr. Tackett's probation. The court found that he had not complied with certain conditions of his probation. This modification extended the probationary period for an additional two-year term (until October 25, 1990) and required Mr. Tackett to reside in a jail-type facility for 120 days in a work release program.
 
 
 5
 By October 1990, Mr. Tackett still owed $500 on the fine. To enable him to complete payment, Officer Kendall petitioned the district court to extend Mr. Tackett's probation for another year. Attached to this petition was a form styled "Request for Extension of Probation and/or Special Conditions" and signed by Tackett which stated:
 
 
 6
 I request the Court to extend my period of probation for a length of one (1) year to October 25, 1991 for the following reason(s):
 
 
 7
 To pay fine balance of $500.00.
 
 
 8
 I have been advised by United States Probation Officer Michael R. Kendall that a petition and report will be submitted to the Court recommending extension of my period of probation. I understand that I have a right to a hearing on this petition, to prior notice of the date and time of the hearing, and to be represented by counsel at the hearing. Further, the Court will appoint counsel to act in my behalf if I were financially unable to obtain the services of an attorney.
 
 
 9
 I hereby waive the right to a hearing on the Probation Officer's petition, to prior notice of the hearing, to counsel at the hearing, and to the appointment of counsel.
 
 
 10
 My request is for my own benefit and more favorable to me than the present judgment of probation.
 
 
 11
 I understand that should the Court grant my request, I must abide by all the conditions previously imposed during the additional period of probation. I also understand that the Court may change the conditions of probation, reduce or extend the period of probation, and at any time during the probation period, within the maximum period of five years permitted by law, may issue a warrant or revoke probation for a violation occuring during my probation period.
 
 
 12
 I have read or had read to me the above and I fully understand it. I give full consent to this proposed action.
 
 
 13
 On October 25, 1990, the district court granted the one-year extension of probation until October 25, 1991. Following this extension, Mr. Tackett continued to report to the probation office. He paid his fine in full on March 29, 1991.
 
 
 14
 On May 15, 1991, Officer Kendall petitioned the district court to revoke Mr. Tackett's probation. In the petition, Officer Kendall alleged that Mr. Tackett violated two conditions of his probation by committing a criminal offense in Ohio and by possessing a controlled substance. Mr. Tackett opposed revocation on the ground that the October 25, 1990, order extending his probation was invalid under Fed.R.Crim.P. 32.1(b), and therefore his probationary period had expired on October 26, 1990, months before he committed the Ohio offense.
 
 B. Proceedings in the District Court
 
 15
 At the probation revocation hearing, the district court admitted into evidence the request form described above and took testimony from Officer Kendall and Mr. Tackett. Officer Kendall testified that he was the probation officer who requested the one-year extension of probation on behalf of Mr. Tackett. The form that he used for this request was a standard form used in the Southern District of Indiana. Officer Kendall signed the request form, but United States Probation Officer Margaret Foster, who directly supervised Mr. Tackett in Ohio, where he lived, actually witnessed Mr. Tackett sign the form. Officer Kendall had no knowledge of any advice given by Officer Foster to Mr. Tackett regarding an extension of his probationary term. Officer Kendall merely received from Officer Foster a telefacsimile of the request form which he then attached to his petition and forwarded to the district court.
 
 
 16
 Mr. Tackett testified on direct examination that, in October 1990, Officer Foster told him that his probationary term was almost over and that he had to complete payment of his fine. Mr. Tackett told her that he had lost his job and had no money to pay the fine. Officer Foster responded that his probation might be revoked if he was unable to pay the fine, and informed him about the possibility of an extension. Mr. Tackett never requested an extension himself because he was "confused about it." When he signed the form, Officer Foster did not advise him about the right to counsel and to a hearing on an extension of probation. Nor did she inform him of his other options, such as filing a motion for modification of his probation or for early termination of his probation. See 18 U.S.C. §§ 3563(c), 3564(c). Mr. Tackett acknowledged that the signature on the request form was his own, but did not remember signing it.
 
 
 17
 On cross-examination, Mr. Tackett testified that he had a high school education and could read and write English "pretty well." He also testified that he remembered being questioned by the district court about his comprehension of the English language in May 1988 when he pleaded guilty to the counterfeiting offense. Mr. Tackett further testified that Officer Foster notified him when he received the extension, and that he did not object to it until the date of his probation revocation hearing.
 
 
 18
 After considering all the evidence and the parties' testimony, the district court revoked Mr. Tackett's probation. In so doing, the court construed Mr. Tackett's challenge to the extension order as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, which limits relief to errors of law that are jurisdictional, constitutional, or constitute either a "fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." 28 U.S.C. § 2255; United States v. Timmreck, 441 U.S. 780, 783 (1979); Hill v. United States, 368 U.S. 424, 428 (1962); see also United States v. Addonizio, 442 U.S. 178, 185 (1979). The court found that Mr. Tackett voluntarily waived his Rule 32.1(b) rights to a hearing and counsel when he signed the request form, and therefore was unable to prove that the extension of his probationary term resulted in a "complete miscarriage of justice."
 
 II
 ANALYSIS
 
 19
 The October 25, 1990, order of the district court extending Mr. Tackett's probationary period for an additional year was a final, appealable order. See United States v. Dyer, 620 F.Supp. 51, 52 (E.D.Wis.1985); United States v. Miller, 454 F.Supp. 440, 444 (N.D.Ill.1978). Mr. Tackett had ten days following its entry to appeal this order. Fed.R.App.P. 4(b). Mr. Tackett, however, failed to file a direct appeal. Instead, he continued to report to probation and make payment on his fine. By accepting the extension without seeking review of the October 25, 1990, order within the ten-day appeals period, Mr. Tackett was foreclosed from collaterally attacking that order eight months later at the June 12, 1991, hearing to revoke his probation.[1] Dyer, 620 F.Supp. at 53; Miller, 454 F.Supp. at 444.
 
 
 20
 Nevertheless, the district court apparently treated the probation revocation hearing as, concurrently, an action pursuant to 28 U.S.C. § 2255. His failure to appeal directly from the October 25, 1990, order constitutes, absent a showing of cause and prejudice, a procedural default barring such collateral review. See Norris v. United States, 687 F.2d 899, 901 (7th Cir.1982). We need not address this issue, however, because the government has waived it on appeal. See Andrews v. United States, 817 F.2d 1277, 1278-79 n. 1 (7th Cir.), cert. denied, 484 U.S. 857 (1987).
 
 
 21
 We agree with the district court that Mr. Tackett is not entitled to collateral relief. The essence of his claim is that the district court's failure to afford him a hearing and counsel before extending his probationary term, as required by Rule 32.1(b), deprived him of due process. See Gagnon v. Scarpelli, 411 U.S. 778, 782, & 790 (1973); Morrissey v. Brewer, 408 U.S. 471, 489 (1972). So construed, it was properly cognizable under 28 U.S.C. § 2255. See Johnson v. United States, 805 F.2d 1284, 1287-88 (7th Cir.1986); see also Timmreck, 441 U.S. at 784-85. However, there was no due process violation here.
 
 
 22
 Rule 32.1(b) provides, in pertinent part, that [a] hearing and assistance of counsel are required before the terms or conditions of probation ... can be modified, unless the relief to be granted to the person on probation ... is favorable to [him], and the attorney for the government ... has not objected. An extension of the term of probation ... is not favorable to the person for the purposes of this rule.[2]
 
 
 23
 The district court's one-year extension of the original probationary period to allow Mr. Tackett to complete payment of his fine was "not favorable" to him. See United States v. Warden, 705 F.2d 189, 190 (7th Cir.1982) (per curiam) (extension of probation term for one year due to nonpayment of fines was not favorable to defendant); Dyer, 620 F.Supp. at 52 (following Warden). The government has conceded as much in its brief. The form that Mr. Tackett signed was therefore incorrect when it advised him that the contemplated extension was more favorable than the earlier conditions of probation. We do not believe, however, that this misadvice created a fundamentally unfair situation. Rule 32.1 requires that proposed extensions that are less favorable be identified in order to ensure that the defendant has been afforded a right to a hearing and a right to counsel before the alteration occurs. Here, the notice clearly apprised Mr. Tackett of these basic rights. There is no question that Mr. Tackett was aware that he had a right to seek the advice of counsel with respect to consequences of seeking an extension. That he decided to rely on the representation of Probation Officer Foster as to the most advantageous course rather than seek independent advice does not constitute a fundamental miscarriage of justice. Cf. Pharr v. Gudmanson, 951 F.2d 117, 120 (7th Cir.1991); United States v. Rutledge, 900 F.2d 1127, 1130-31 (7th Cir.1990).
 
 
 24
 On the basis of the "totality of the circumstances," Mr. Tackett knowingly and voluntarily waived his rights to a hearing and counsel on the extension of his probation.[3] As the district court found, Mr. Tackett was a high school graduate who knew how to read and write. Mr. Tackett provided no evidence from which to conclude that he was denied the opportunity to read the request form, which was written in plain English and sufficed to apprise him of his rights. In the face of that evidence, the district court could reasonably have disbelieved Mr. Tackett's testimony that he was unaware of his rights. These findings of the district court were supported by the record and are not clearly erroneous.[4]
 
 
 25
 Mr. Tackett argued that he had a right to a separate hearing on the voluntariness of his waiver. Due process, however, imposes no such requirement. See United States v. Chambliss, 766 F.2d 1520, 1521-22 (11th Cir.1985) (per curiam); Dyer, 620 F.Supp. at 53 (following Chambliss). Mr. Tackett also argued that the government's production of the signed request form was insufficient to meet its burden of proving a valid waiver. However, we cannot overlook the fact that the district court, after hearing and observing Mr. Tackett, was convinced firmly that he voluntarily and knowingly had waived his rights to a hearing and to counsel. The record supports the district court's conclusion that Mr. Tackett was intelligent enough to understand his rights, and that there was no credible evidence establishing that the waiver was the product of coercion on the part of Officer Foster.
 
 
 26
 A final matter needs to be addressed. While we conclude that the fundamental rights of Mr. Tackett were not violated, our opinion ought not be interpreted as condoning the less-than-professional methodology of the probation officers. The "Request for Extension of Probation and/or Special Conditions" form contained incorrect information. Furthermore, while we do not regard the matter as outcome determinative, we note our emphatic disapproval of Officer Kendall's signing as a witness to the signature of Mr. Tackett on the request for extension of probation when he did not witness the signature.
 
 Conclusion
 
 27
 Because Mr. Tackett was unable to establish that the extension of his probationary term without a hearing or counsel caused a "miscarriage of justice," the judgment denying collateral relief is affirmed.
 
 
 28
 AFFIRMED.
 
 
 
 [1]
 Cf. United States v. Francischine, 512 F.2d 827, 828 (5th Cir.) (prohibiting collateral attack of underlying conviction in probation revocation proceeding), cert. denied, 423 U.S. 931 (1975); United States v. Torrez-Flores, 624 F.2d 776, 780-81 (7th Cir.1980) (following Francischine); United States v. Thomas, 934 F.2d 840, 846 (7th Cir.1991) (following Torrez-Flores); Yates v. United States, 308 F.2d 737, 738 (10th Cir.1962) (same holding), with United States v. Steiner, 239 F.2d 660, 661 (7th Cir.) (prohibiting collateral attack of condition of probation in probation revocation proceeding), cert. denied, 353 U.S. 936 (1957); United States v. Weber, 437 F.2d 1218, 1220 (7th Cir.) (following Steiner), cert. denied, 402 U.S. 1008 (1971); Barnes v. United States, 513 A.2d 249, 253 (D.C.App.1986) (prohibiting collateral attack of modification of probation in probation revocation proceeding)
 
 
 [2]
 The request form signed by Mr. Tackett was inconsistent with this language in that it contained a paragraph stating, "My request is for my own benefit and more favorable to me than the present judgment of probation." (emphasis added). The statement was not correct as a general legal proposition. However, Mr. Tackett might well have concluded that, as a practical matter, the extension was a more prudent course than attempting to establish that his inability to pay justified a modification
 
 
 [3]
 See Johnson v. Zerbst, 304 U.S. 458, 464 (1938) (waiver of Sixth Amendment right to counsel/totality approach); Gorham v. Franzen, 760 F.2d 786, 794 (7th Cir.) (waiver of Miranda rights/same approach), cert. denied, 474 U.S. 922 (1985)
 
 
 [4]
 See Gorham, 760 F.2d at 790 ("The question of whether a defendant has waived his Miranda rights is one of fact, and a trial judge's findings of fact regarding a defendant's waiver will not be overturned unless clearly erroneous."); see also United States v. D'Antoni, 856 F.2d 975, 978 & 980 (7th Cir.1988) (clear error standard applies to the district court's findings on the credibility of witnesses and on a waiver of Miranda rights)